UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-54 (PJS/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Pedro Castaneda-Santana (2) and Karla Alicia Sanchez-Pineda (10), | |
| Defendants. | |

This case is before the Court on Defendant Pedro Castaneda-Santana's Motion for Disclosure of Rule 404(b) Evidence (Dkt. 96), Defendant Pedro Castaneda-Santana's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (Dkt. 97), Defendant Pedro Castaneda-Santana's Motion to Retain Agents' Notes (Dkt. 98), Defendant Karla Alicia Sanchez-Pineda's Motion for Brady Material (Dkt. 99), Defendant Karla Alicia Sanchez-Pineda's Motion for Disclosure of Giglio Material (Dkt. 100), Defendant Karla Alicia Sanchez-Pineda's Pretrial Motion for Government Agents to Retain Rough Notes 21 U.S.C. 841(A)(1) (Dkt. 101), Defendant Karla Alicia Sanchez-Pineda's Pretrial Motion for Disclosure of All Statements (Dkt. 102), and Defendant Karla Alicia Sanchez-Pineda's Pretrial Motion for Discovery and Inspection (Dkt. 103).

Through counsel, Defendant Pedro Castaneda-Santana waived a hearing on these motions (*see* Dkt. 106), and Defendant Karla Alicia Sanchez-Pineda requested by letter to the Court to be excused from the motions hearing (Dkt. 105). The Court ordered the United States of America ("the Government") to include a request for a hearing in their

opposition, if the Government sought a hearing. (Dkt. 106) The Government did not request a hearing. (*See* Dkts. 123, 124.) Accordingly, these motions are decided on the papers without a hearing.

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Pedro Castaneda-Santana's Motion for Disclosure of Rule 404(b) Evidence (Dkt. 96) is **GRANTED IN PART**. No later than two (2) weeks before the commencement of trial, the Government shall disclose Rule 404(b) evidence of crimes or acts which are not inextricably intertwined with the charged crime. *See Buchanan v. United States*, 714 F.3d 1046, 1048 (8th Cir. 2013). To the extent the Government becomes aware of additional Rule 404(b) evidence after that disclosure, it shall promptly disclose that evidence. Nothing in this Order requires the Government to produce evidence regarding acts which are intrinsic to the charged offense. In his motion, Defendant also seeks disclosure of "[e]vidence of 'specific instances of conduct'" that the Government may "use at the trial, either in its direct case, during the cross-examination of Mr. Castaneda-Santana, or in its rebuttal case," pursuant to Fed. R. Evid. 608(b). Rule 16 limits the scope of compelled discovery to material that the government intends to introduce during its case-in-chief. *See* Fed. R. Crim. P. 16. "By definition, Rule 608(b) evidence may not be used during the government's case-in-chief, and therefore, it is not discoverable under Rules 12 or 16." *United States v. Maitra*, No. 2:13-CR-86-RL-PRC, 2013 WL 6388661, at *3 (N.D. Ind. Dec. 6, 2013) (citation omitted); *see also United States v. Beshey*, No. 17 CR 643, 2019 WL 277730, at *3 (N.D. Ill. Jan. 22, 2019). Thus, the Court denies Defendant's requests for production of Rule

608(b) materials. However, the Court grants Defendant's motion insofar as it seeks Rule 404(b) material that may also be admissible under Rule 608(b) or is required to be produced under Rule 16. *See Beshey*, 2019 WL 277730, at *3.

2.   Defendant Pedro Castaneda-Santana's Motion for Discovery Pursuant to Fed. R. Crim. P. 16 (Dkt. 97) is **GRANTED IN PART** and **DENIED IN PART**. The Government represents that it has complied with its obligations under Rule 16 and will continue to do so. (Dkt. 124 at 2.) The Government shall comply with its discovery obligations under Rule 16. The parties shall disclose initial Rule 16(a)(1)(G) evidence no less than three (3) weeks before trial and rebuttal evidence shall be disclosed no less than one (1) week before trial.

3.   Defendant Pedro Castaneda-Santana's Motion to Retain Agents' Notes (Dkt. 98) is **GRANTED** to the extent that the Government in its written submission (Dkt. 124 at 2-3) has represented that it does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes, if any, created as part of the investigation. If the Government has not already done so, it is ordered to instruct law enforcement officials involved in the investigation to retain and preserve their rough notes.

4.   Defendant Karla Alicia Sanchez-Pineda's Motion for Brady Material (Dkt. 99) and Motion for Disclosure of Giglio Material (Dkt. 100) are **DENIED IN PART** as moot based on the Government's representation that it has complied and will comply with its requirement to disclose materials covered by *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny. (*See* Dkt. 123 at

1.) The Motions are **GRANTED IN PART** insofar as within ten (10) days of the date of this Order, the Government must disclose all *Brady*/*Giglio* information in its possession or of which it has become aware as of the date of this Order and must promptly supplement its disclosure upon receipt of any additional *Brady*/*Giglio* information not previously disclosed.

5. Defendant Karla Alicia Sanchez-Pineda's Pretrial Motion for Government Agents to Retain Rough Notes 21 U.S.C. 841(A)(1) (Dkt. 101) is **GRANTED** to the extent that the Government in its written submission (Dkt. 123 at 2) has represented that it does not object to requiring law enforcement officials involved in the investigation of this case to retain and preserve their rough notes, if any, created as part of the investigation. If the Government has not already done so, it is ordered to instruct law enforcement officials involved in the investigation to retain and preserve their rough notes.

6. Defendant Karla Alicia Sanchez-Pineda's Pretrial Motion for Disclosure of All Statements (Dkt. 102) is **GRANTED**. Defendant seeks disclosures of "any and all statements made by Defendant to any prosecution witness." (*Id.*) The Government represents that it has complied and will comply with its obligations under Rule 16 and will continue to do so. (Dkt. 123 at 3.) The Government shall comply with its discovery obligations under Rule 16(a)(1)(A) and (B).

7. Defendant Karla Alicia Sanchez-Pineda's Pretrial Motion for Discovery and Inspection (Dkt. 103) is **GRANTED IN PART** and **DENIED IN PART**. The Government represents that it has complied and will comply with its obligations under

Rule 16 and will continue to do so. (Dkt. 123 at 3.) The Government shall comply with its discovery obligations under Rule 16. The motion is otherwise denied.

DATED: April 23, 2021                     <u>s/Elizabeth Cowan Wright</u>
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge